Gershengorn, J.
The plaintiff, Susan G. Fistel (“Fistel”), has brought suit against the defendant, Michelle Torrey (“Torrey”), alleging that Torrey breached a contract of sale and committed fraud by failing to convey six parking spaces that were included in the purchase and sale agreement. Fistel has also brought claims for malpractice, emotional distress, and violation of c. 93A against attorneys Mark J. Favaloro (“Favaloro”) and Roberta A. Schreiber (“Schreiber”), who represented the lender, Equity One, Inc. (“Equity One”), in the transaction. Favaloro and Schreiber now move for summary judgment on all claims in the plaintiffs complaint that relate to them. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
On September 17, 1997, Fistel signed a purchase and sale agreement with Torrey, as trustee of the Ellsworth Street Trust, for the sale of property located at 1435 Main Street, Brockton, MA. The purchase and sale agreement stated that the sale included six deeded parking spaces upon the property located at 1449 Main Street, Brockton, MA. James P. Morrissey (“Morrissey”) served as the real estate broker on the transaction.
On November 20, 1997, the parties closed on the transaction. Present at the closing were Fistel, Tor-rey, Morrissey and Favaloro. Prior to closing, Fistel signed a notice with Equity One acknowledging that she had the right to have counsel present at the closing.[2] The plaintiff knew that Favaloro did not represent her and chose not to have legal representation present at the closing. Fistel alleges that at some point during the closing she asked Morrissey, with Favaloro and Torrey present, whether the documents conveyed the six parking spaces. She claims that Morrissey said “not to worry about it, the parking spaces will be conveyed.” The parking spaces, however, were not conveyed and have since been conveyed to someone else.
DISCUSSION
A. Malpractice and 93A
The plaintiff claims that Favaloro and Schreiber[3] breached a duly of care owed to her because it was foreseeable that she would rely on Favaloro to prepare documentation that would have conveyed the parking *480 spaces. “The duty of care owed by an attorney arises from an attorney-client relationship.” Miller v. Mooney, 431 Mass. 57, 61 (2000). An attorney-client relationship can be shown by an express contract or it can be implied. See id. Such a relationship is implied “when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney’s professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance ... In appropriate cases the third element may be established by proof of detrimental reliance, when the person seeking legal services reasonably relies on the attorney to provide them and the attorney, aware of such reliance, does nothing to negate it.” Id. quoting DeVaux v. American Home Assurance Co., 387 Mass. 814, 817-18 (1983).
The plaintiff has failed to produce sufficient facts from which a reasonable jury could conclude that an attorney-client relationship existed between Favaloro and her. There was no express contract between them and the plaintiff never sought legal advice from Favaloro. Furthermore, given the notice signed by the plaintiff any reliance by the plaintiff would have been unreasonable. See Page v. Frazier, 388 Mass. 55, 65-66 (1983).
Even though the plaintiff was not Favaloro’s client, “(a]n attorney may owe a duty to nonclients who the attorney knows will rely on the services rendered.” Williams v. Ely, 423 Mass. 467, 475 (1996). The court is less likely to impose a duty on an attorney to nonclients when such a duty conflicts with the duty the attorney owes to a present client. See Miller, 431 Mass. at 63. It is the potential for a conflict that is determinative, not an actual conflict. Id. A conflict between a mortgagor and mortgagee can arise over prepayment rights, disclosure law, late charge provisions, special mortgage provisions, the timing of recording of the mortgage, and certain title defects. See Page, 388 Mass. at 63; see also Horvath v. Adelson, Golden & Loria P.C., 2002 WL 1931997 (Mass.App.Ct. Aug. 21, 2002) (finding no duty between the lender’s attorney and the borrowers where the lender assigned the mortgages prior to obtaining adequate funding) (unpublished). Morever, the duty owed to a nonclient is limited to those the attorney intends to supply the information to and not those who might be foreseeably harmed. See Kirkland Construction Co. v. James, 39 Mass.App.Ct. 559, 562 (1995). Because of the notice signed by the plaintiff, the plaintiff knew that Favaloro represented the bank and did not represent her. “Where, as here, a nonclient takes the chance that the client’s interests are in harmony with his own, and does so in the face of an express warning that the interests may differ, [her] claim of foreseeable reliance cannot be rescued simply because, in retrospect, the interests are shown not to have differed.” Page, 388 Mass. at 66.
Based on these facts, a reasonable jury could not conclude that Favaloro owed a duty to the plaintiff. Additionally, since proof of the attorney-client relationship is critical, the plaintiffs 93A claim also fails. See Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 527 (1989).
B. Emotional Distress
The plaintiff also asserts a claim for infliction of emotional distress. In her opposition to the defendants’ motion for summary judgment, however, she neither sets forth any facts relating to this claim nor makes any argument in support of the claim’s validity. Since the nonmoving party cannot defeat a motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts, Lelonde v. Eissner, 405 Mass. 207, 209 (1989), the defendants’ motion for summary judgment on the plaintiffs emotional distress claim is allowed.
ORDER
For all of the foregoing reasons, the defendants, Mark J. Favaloro and Roberta A. Schreiber’s motion for summary judgment is ALLOWED.

The signed notice states:
[Equity One, Inc.], prior to the closing of the loan, and prior to the execution by Proposed Borrower(s) of the note or mortgage relating there by notifies Proposed Borrower(s) that under the law they have the right to be represented by an attorney of their own choosing at the closing of such a loan.
Affidavit of Mark J. Favaloro, dated Apr. 29, 2003, at ¶7.

The plaintiff claims that Schreiber, Favaloro’s partner, is vicariously liable.